# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| *In re* Application of: | 1:12-mc-00008 GSA |
| REPUBLIC OF ECUADOR and Dr. DIEGO GARCÍA CARRIÓN, the Attorney General Of The Republic of Ecuador, | **ORDER REGARDING THE PARTIES' DISCOVERY DISAGREEMENT** |
| Applicants, | (Document 34) |
| For the Issuance of Subpoenas Under 28 U.S.C. § 1782(a) for the Taking of Depositions of and the Production of Documents by Douglas M. Mackay for Use in a Foreign Proceeding. | |

**RELEVANT PROCEDURAL BACKGROUND**

On June 3, 2011, the Republic of Ecuador and Dr. Diego García Carrión, the Attorney General of the Republic of Ecuador ("the ROE" or "Applicants"), filed an ex parte application for an order pursuant to Title 28 of the United States Code section 1782 to issue a subpoena to Douglas M. Mackay for the taking of a deposition and the production of documents for use in a foreign proceeding. (*See* Docs. 1 & 2.) The application was originally filed in the Sacramento

Division of the Eastern District of California, however, the matter was reassigned to the Fresno Division, and the undersigned, as a related case pursuant to the order of Magistrate Judge Gregory G. Hollows dated June 10, 2011.  (Doc. 7.)

On July 7, 2011, Chevron and Dr. Douglas M. Mackay ("Respondents") filed an Unopposed Motion to Intervene in this action, and together the parties entered into a stipulated briefing schedule. (Doc. 10; *see also* Doc. 11.)

On July 15, 2011, Respondents filed an opposition to the application. (Doc. 12.)  On July 29, 2011, the Applicants filed a reply thereto. (Doc. 15.)

On August 16, 2011, Respondents filed a motion to stay the application and an application to shorten time to hear the motion. (Docs. 16 & 17.)

On August 19, 2011, the Court issued its Order granting the application to shorten time. (Doc. 18.)

On August 23, 2011, Applicants filed an opposition to the motion to stay. (Doc. 19.)  The following day, Respondents filed a reply. (Doc. 21.)

On September 13, 2011, this Court issued its Order granting the ROE's application for the issuance of a subpoena, and denying Respondents' motion to stay the application. (Doc. 23.)

Following the Applicants' Request for Conference Call regarding a discovery dispute filed December 15, 2011 (Doc. 26), yet opposed by Respondents on that same date (Doc. 27), this Court issued a signed minute order, denying the request for a conference call.  The Court advised the parties that in the event they failed to reach an agreement without the court's assistance, a noticed motion should be filed in accordance with this Court's Local Rules. (Doc. 28.)

In response, on December 19, 2011, the parties filed a Joint Statement Regarding Discovery Disagreement. (Doc. 29; *see also* Docs. 30-32.)  An Amended Joint Statement Regarding Discovery Dispute was filed on December 27, 2011. (Doc. 34; *see also* Docs. 35-36.)

1    The hearing regarding this dispute was taken off calendar and the matter was deemed
2 submitted for written decision on January 18, 2012.  The parties were also directed to separately
3 submit and file proposed orders in accordance with their respective positions.  (Doc. 39.)
4    On January 30, 2012, the parties filed proposed orders regarding the discovery dispute.
5 (Docs. 42-43.)

## DISCUSSION

Following consideration of the Amended Joint Statement Regarding Discovery Disagreement filed December 27, 2011, on behalf of the ROE and Respondents, this Court finds as follows:

### *Applicability of Rule 26 As Amended December 2010*

Because the original application for issuance of a subpoena was filed on June 3, 2011 (Doc. 1), after the amendments to Rule 26 of the Federal Rules of Civil Procedure had taken effect, the December 2010 amendments to the rule apply to this matter and this dispute.

### *Production of Documents*

Pursuant to the Federal Rules of Civil Procedure, the ROE is not entitled to any drafts, regardless of form, of expert reports, affidavits, or disclosures pursuant to amended Rule 26(b)(4)(B) and 2010 the 2010 Advisory Committee Note.  The ROE is entitled to all relevant discovery regarding the facts/data considered, reviewed or relied upon for the development, foundation, or basis of affidavits/declarations (e.g. testing of material involved in litigation, notes of any such testing, communications with anyone other than Chevron's counsel about the opinions expressed, alternative analyses, testing methods, or approaches to the issues proffered, whether or not considered in forming the opinions expressed) pursuant to amended Rules 26(b)(4) (B) and (C) and the 2010 Advisory Committee Note.

Alternatively stated, this Court finds that under Rule 26, Respondents are required to produce every document listed on their privilege log(s) unless it falls under one of the following two categories: (1) Draft reports prepared by Dr. Mackay; and (2) Communications directly

3

between Dr. Mackay and counsel that contain counsel's legal strategies and/or mental impressions.

Pursuant to Document 32, entitled "Annex A," and in accordance with Rule 26, the Applicants are entitled to the following documents:

1. Section I - "Emails Exchanged Between Mackay and Other 'Chevron, Texaco, or TexPet' Experts, Described as 'Communication Prepared . . . in Connection with Preparation of Expert Report,' and Withheld Based on Claim of Work Product. These materials shall be produced;
2. Section II - "Emails Exchanged Among Mackay, Other 'Chevron, Texaco, or TexPet' Experts, and 'Chevron, Texaco, or TexPet' Agents, or Employees, Described as 'Communication Prepared . . . in Connection with Preparation of Expert Report,' and Withheld Based on Claim of Work Product. These materials shall be produced;
3. Section III - "Emails Exchanged Between Mackay and Other Non-Attorney 'Chevron, Texaco, or TexPet' Experts, Agents, or Employees, but with an Attorney Listed as a 'Copyee,' Described as 'Communication Prepared . . . in Connection with Preparation of Expert Report,' and Withheld Based on Claims of Both Work Product and Attorney-Client Privilege. These materials shall be produced;
4. Section IV - "Memoranda Authored by Mackay or Other Non-Attorney 'Chevron, Texaco, or TexPet' Experts, Agents, or Employees, Described as 'Document[s] Prepared . . . in Connection with Preparation of Expert Report,' and Withheld Based on Claim of Work Product. These materials shall be produced;
5. Section VI - "Notes Authored by Mackay or Other Non-Attorney 'Chevron, Texaco, or TexPet' Experts, Agents, or Employees, Described as 'Document[s] Prepared . . . in Connection with Preparation of Expert Report,' and Withheld Based on Claim of Work Product. These materials shall be produced; and
6. Section VIII - "'Outline' or 'Agenda' Authored by Mackay or 'Chevron, Texaco, or TexPet' Experts, Agents, or Employees, Described as 'Document[s] Prepared . . . in Connection with Preparation of Expert Report,' and Withheld Based on Claim of Work Product. These materials are to be produced.

Further, as described in Annex A, these materials - emails, memoranda, notes, outlines or agendas - are not draft reports entitled to protection from discovery. To the degree Respondents specifically assert certain documents are draft reports (Doc. 34 at 17 [Document ID Nos. 674 & 29479]), or believe other materials that are the subject of this dispute properly fall under the protection afforded to draft reports, they shall expressly explain how each document or documents fall within the protection and shall provide the documents to this Court for an *in camera* review within five days of the date of this Order. Relatedly, to the degree Respondents may assert attorney-client privilege over Section III materials as described above, they shall

4

expressly state the communication does not fall within the three exceptions and shall provide the documents to this Court for an *in camera* review within five days of the date of this Order.

Lastly, the Applicants are not entitled to those materials described in Document 32 at sections V and VII.

It is hereby ORDERED that Respondents amend their privilege log(s) in accordance with this Order and produce to the ROE copies of all documents identified in this Order within five days of the date of this Order.

***Length of Deposition - Dr. Mackay***

Finally, this Court further finds that, good cause having been shown in light of the number and scope of subjects - and the nearly 55,000 documents produced thus far - that the Applicants are entitled to depose Dr. Mackay for a total of fourteen (14) hours (two seven-hour days) under the Federal Rules of Civil Procedure, rules 30(d) and 26(b)(2). Additionally, if any Objections are lodged that have the effect of delaying the production of documents, the ROE may choose to depose Dr. Mackay for seven hours prior to the resolution of any said Objections with the remainder of its time reserved to depose Dr. Mackay after resolution of the Objections.

**CONCLUSION AND ORDER**

Accordingly, the parties' request for the Court to resolve their discovery dispute, construed by this Court to be Applicants' Motion to Compel Production of Documents from Douglas M. Mackay, is GRANTED IN PART AND DENIED IN PART as set forth herein.

IT IS SO ORDERED.

Dated:   **February 14, 2012**            /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE