IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of: | CASE NO. MC F 12-0008 LJO GSA |
| REPUBLIC OF ECUADOR, et al., | **RECONSIDERATION ORDER** (Doc. 46.) |
| Applicants, | |
| For the Issuance of Subpoenas under 28 U.S.C. § 1782(a) for the Taking of Depositions of and the Production of Documents by Douglas M. MacKay for use in a Foreign Proceeding. | |
| _____/ | |

**BACKGROUND**

Respondents Douglas M. MacKay ("Dr. MacKay") and Chevron Corporation ("Chevron") seek reconsideration of U.S. Magistrate Judge Gary Austin's February 14, 2012 order ("February 14 order") to require production of documents from and the 14-hour deposition of Dr. MacKay. The February 14 order entitles applicant Republic of Ecuador ("ROE") to discovery "regarding the facts/data considered, reviewed or relied upon for the development, foundation, or basis of affidavits/declarations . . . pursuant to amended Rules 26(b)(4)(B) and (C) and the 2010 Advisory Committee Note." The February 14 order identifies specific documents to which ROE is entitled and provides an in camera review process which Dr. MacKay and Chervon (collectively "respondents") have failed to utilize. The February 14 order extends the limit of Dr. MacKay's deposition to two seven-hour days. Respondents seek reconsideration

1

in that the February 14 order requires disclosure beyond F.R.Civ.P. 26(b)(3) and (4) protections.

## DISCUSSION

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. A district court is able to overturn a magistrate judge's ruling "'only if the district court

is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

Respondents fail to identify particular documents or categories of documents which they claim are protected from discovery. Respondents provide no guidance as to what is at issue and globally attack the February 14 order without connection to precise matters.[1] Respondents fail to utilize in camera review without explanation. The February 14 order included in camera review to address issues raised by respondents. Failure to utilize in camera review renders reconsideration unripe and constitutes disobedience of the February 14 order. In short, respondents circumvent the February 14 order and offer no meaningful substance for reconsideration.

Moreover, respondents fail to demonstrate that Dr. MacKay's deposition length is clearly erroneous or contrary to law.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES respondents all relief sought by their papers filed on February 15, 2012. The February 14 order remains fully effective.

IT IS SO ORDERED.

**Dated:   February 17, 2012**         /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court does not invite respondents to follow up and identify specific matters which they claim are protected. Such opportunity has passed.

3