1  GIBSON, DUNN & CRUTCHER LLP
   Theodore J. Boutrous, Jr., SBN 132009
2  TBOUTROUS@GIBSONDUNN.COM
   333 S. Grand Avenue
3  Los Angeles, CA 90071
   T: (213) 229-7804 | F: (213) 229-7520
4
   Ethan D. Dettmer, SBN 196046
5  EDETTMER@GIBSONDUNN.COM
   Enrique A. Monagas, SBN 239087
6  EMONAGAS@GIBSONDUNN.COM
   555 Mission Street, Suite. 3000
7  San Francisco, CA 94105
   T: (415) 393-8292 | F: (415) 374-8444
8
   Attorneys for Chevron Corporation
9  and Douglas M. Mackay

10

11              **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13                     **FRESNO DIVISION**

14

| | |
|---|---|
| *In re* Application of: | CASE NO. 12-mc-00008-GSA |
| REPUBLIC OF ECUADOR and DR. DIEGO GARCIA CARRION, the Attorney General of the Republic of Ecuador, | **STIPULATION AND PROTECTIVE ORDER** |
| Applicants, | |
| For the Issuance of Subpoenas Under 28 U.S.C. § 1782(a) for the Taking of Depositions of and the Production of Documents by DOUGLAS M. MACKAY for Use in a Foreign Proceeding, | |
| Respondent, | |
| CHEVRON CORPORATION, | |
| Intervenor. | |

12-MC-00008-GSA    STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  WHEREAS, on February 14, 2012, this Court entered an order granting in part and denying part the Republic of Ecuador and Dr. Diego García Carrión's (collectively, "Petitioners") motion to compel (hereafter, the "Order"), Dkt. 45;

WHEREAS, the Order requires that Chevron Corporation and Dr. Douglas M. Mackay (together, "Respondents") produce by February 21, 2012 documents over which they claim privilege;

WHEREAS, on February 15, 2012, Respondents filed an *Ex Parte* Motion to Stay the Order pending reconsideration by the District Court;

WHEREAS, on February 15, 2012, Respondents filed a Request for Reconsideration by the District Court of the Order (hereafter, the "Objections");

WHEREAS, on February 21, 2012, the District Court denied Respondents' Request for Reconsideration, Dkt. 53;

WHEREAS, Respondents intend to appeal the District Court's denial of Respondents' Objections;

WHEREAS, Respondents believe that a protective order is appropriate and necessary to protect their assertion of privilege during the pendency of their appeal of the District Court's Order before the United States Court of Appeals for the Ninth Circuit;

WHEREAS, the Republic does not believe a protective order is warranted here but, under the unique and specific circumstances presented, is willing to agree to the following protective order;

NOW, THEREFORE, the parties, through their respective counsel of record, hereby stipulate and agree, and ask the Court to enter a Protective Order as follows:

1. All documents, materials, information, and deposition testimony (hereinafter, "Protected Materials") disclosed by Dr. Douglas M. Mackay and his counsel pursuant to this Court's order of February 14, 2012, shall be used by Petitioners for the sole purpose of conducting the Bilateral Investment Treaty arbitration entitled *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23 (the "Arbitration") and in the prosecution of any actions under 28 U.S.C. § 1782 seeking discovery for use in that proceeding.

2. Petitioners shall be prohibited from filing Protected Materials in any action other than the Arbitration or other § 1782 applications. Any submission by the Republic in the Arbitration or in

any related Section 1782 action that contains any of the Protected Materials may be filed or submitted without sealing or seeking to seal the Protected Materials.

3. Nothing in this Protective Order prohibits Petitioners from sharing the Protected Materials with (1) any current or future experts retained by the Republic in connection with the Arbitration, (2) the Claimants in the Arbitration, (3) any officials administering or facilitating the Arbitration, (4) any court personnel or Respondent as necessary in connection with any action brought under 28 U.S.C. § 1782 in support of Petitioners' defense of the Arbitration.  Petitioners shall be prohibited from sharing or disseminating the Protected Materials with anyone else, including but not limited to the Lago Agrio Plaintiffs, their agents, their counsel, and their counsel's agents.

4. Upon entry of an Order or Opinion by the Ninth Circuit deeming some or all of the Protected Materials privileged, Petitioners shall be forbidden from using, filing, sharing, or otherwise relying upon or disclosing those Protected Materials determined to be privileged by the Court. Petitioners shall also be required to promptly return and/or destroy the privileged Protected Materials and certify thereto.

5. With the exception of the requirements in paragraph 4, this Protective Order shall become null and void upon the entry of an Order or Opinion by the Ninth Circuit resolving Respondents' appeal or lapse of the deadline for filing any such appeal, unless such Order provides otherwise.

6. Nothing in this Order shall restrict the use of documents or information obtained by a party from a source other than Dr. Douglas M. Mackay, his counsel, or his counsel's agents.  To the extent the Protective Materials contain documents or information that are also publicly available, nothing in this Order shall restrict the use of such documents or information.

7. Both parties reserve their right to seek to modify this protective order for good cause shown.

Dated:  February 21, 2012                                   GIBSON, DUNN & CRUTCHER


By: _____/s/*Ethan D. Dettmer*_____
Ethan D. Dettmer

555 Mission Street, Suite 3000
San Francisco, CA 94105
T: (415) 393-8292
F: (415) 374-8444

Attorneys for Chevron Corporation
and Douglas M. Mackay


WINSTON & STRAWN LLP

By:/s/*Richard A. Lapping* (as authorized on February 21, 2012)
                Richard A. Lapping

WINSTON & STRAWN LLP

101 California Street
San Francisco, CA 94111-5802
T: (415) 591-1485
F: (415) 591-1400

Attorneys for Republic of Ecuador and
Dr. Garcia Carrion

## **ORDER**

IT IS SO ORDERED.

   Dated:   **February 22, 2012**                **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE