GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous, Jr., SBN 132009
TBOUTROUS@GIBSONDUNN.COM
333 S. Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7804 | F: (213) 229-7520

Ethan D. Dettmer, SBN 196046
EDETTMER@GIBSONDUNN.COM
Enrique A. Monagas, SBN 239087
EMONAGAS@GIBSONDUNN.COM
555 Mission Street, Suite. 3000
San Francisco, CA 94105
T: (415) 393-8292 | F: (415) 374-8444

Attorneys for Chevron Corporation
and Douglas M. Mackay

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| *In re* Application of:<br><br>REPUBLIC OF ECUADOR and DR. DIEGO GARCIA CARRION, the Attorney General of the Republic of Ecuador,<br><br>　　　　　　　Applicants,<br><br>For the Issuance of Subpoenas Under 28 U.S.C. § 1782(a) for the Taking of Depositions of and the Production of Documents by DOUGLAS M. MACKAY for Use in a Foreign Proceeding,<br><br>　　　　　　　Respondent,<br><br>CHEVRON CORPORATION,<br><br>　　　　　　　Intervenor. | CASE NO. 12-mc-00008-LJO-GSA<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, Dr. Douglas Mackay produced the Ecuador Oriente Region Environmental Database dated January 31, 2006, to the Republic of Ecuador and Dr. Diego Garcia Carrion ("Applicants"), in its native format, on or about March 27, 2012;

WHEREAS, there exists a certain Ecuador Oriente Region Analytical Database dated May 7, 2007 (the "2007 Database");

WHEREAS, Applicants contend that the evidence establishes that Dr. Mackay considered the 2007 Database in preparing his written reports submitted to the Lago Agrio Court, later submitted to the Treaty Arbitration Tribunal, and that he has control of the Database such that it should have been produced;

WHEREAS, Dr. Mackay affirms that he does not have in his possession, custody, or control a functional copy of the 2007 Database and did not consider the 2007 Database, and therefore Dr. Mackay and Chevron Corporation contend that Dr. Mackay cannot produce the 2007 Database;

WHEREAS, the parties currently understand that Dr. Mackay has produced or logged all documents that he considered in connection with any written report he authored that was submitted to the *Lago Agrio* court, and the parties dispute whether he considered the 2007 Database;

WHEREAS, solely as a compromise of this dispute and subject to the terms of this protective order, Chevron will produce to the Applicants the 2007 Database.

NOW, THEREFORE, the parties, through their respective counsel of record, hereby stipulate and agree, and ask the Court to enter a Protective Order as follows:

1. Pursuant to this Order, Chevron agrees to produce to the Applicants the 2007 Database in its native format within 48 hours of entry of this Order by the Court. Applicants agree that Chevron's voluntary production cannot be used in support of an argument that Dr. Mackay should have produced this 2007 Database.

2. Applicants agree that they will not use the voluntary production of the 2007 Database to argue or support any argument that they are entitled to discovery from Chevron—a party to the international arbitration brought against the Republic of Ecuador under the U.S.-Ecuador Bilateral Investment Treaty—in any 28 U.S.C. § 1782 application. Applicants, Chevron, and Dr. Mackay agree that they will not use this agreed-upon Protective Order as precedent for any purpose in any

other action.

3.  Applicants further agree that they will not seek any additional documents from Dr. Mackay or from Chevron in this action, beyond those already produced, except that Applicants reserve the right to seek additional documents in Dr. Mackay's possession if evidence is discovered that such documents were considered by Dr. Mackay in connection with any report Dr. Mackay authored that was submitted to the Lago Agrio court but nonetheless have not already been produced by Dr. Mackay.  If evidence demonstrates that Dr. Mackay accessed and considered one or more specific documents from Chevron's "e-room" (that are not in Dr. Mackay's possession and were not already produced by Dr. Mackay) in connection with any expert report authored by Dr. Mackay and submitted by Chevron in the Lago Agrio action, Chevron agrees to produce the non-privileged portions of those specific documents considered.  Other than as described in this paragraph, Applicants agree that they shall not seek access to documents or data in Chevron's e-room in this action.

4.  The 2007 Database shall be used by Applicants for the sole purpose of conducting the Bilateral Investment Treaty arbitration entitled *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23 (the "Arbitration"), any appeals or "set aside" actions from any orders or awards in those proceedings, any actions under 28 U.S.C. § 1782 seeking discovery for use in those proceedings, including any appeals or objections arising therefrom, and any other related civil actions in which Applicants are a party (collectively, "BIT Litigation").

5.  Applicants agree that, where a procedural mechanism for sealing documents exists, they will request that any document or other exhibit taken from or generated by the 2007 Database be maintained under seal by the receiving court or tribunal.  Where there is no procedural mechanism for sealing documents, Applicants will request that the receiving court or tribunal treat any document or other exhibit taken from or generated by the 2007 Database as confidential.

6.  Nothing in this Protective Order prohibits Applicants from sharing the 2007 Database with (1) any current or future experts retained by the Republic of Ecuador in connection with the Arbitration, (2) the Claimants in the Arbitration, (3) any officials administering or facilitating the

Arbitration, (4) any court personnel or Respondent as necessary or appropriate in connection with any BIT Litigation, including as part of any deposition.  Except as set forth above, Applicants shall be prohibited from sharing or disseminating the 2007 Database or tables, queries, or reports generated from the 2007 Database, with any other individual or entity.

7. Nothing in this Order shall restrict the use of documents or information from the 2007 Database obtained by a party from a source other than Chevron or Dr. Mackay.  To the extent the 2007 Database contains documents or information that are also publicly available, nothing in this Order shall restrict the use of such documents or information.

8. This Stipulation and Order resolves the dispute set forth in the parties' correspondence of May 29, 2012 and June 6, 2012.  The hearing regarding that dispute, currently scheduled for September 21, 2012, is hereby taken off calendar.

9. Both parties reserve the right to seek to modify this Order for good cause shown.

Dated:  September 12, 2012                GIBSON, DUNN & CRUTCHER LLP

By: */s/Ethan D. Dettmer*

Ethan D. Dettmer
555 Mission Street, Suite 3000
San Francisco, CA 94105
T: (415) 393-8292
F: (415) 374-8444

Attorney for Chevron Corporation
and Douglas M. Mackay

WINSTON & STRAWN LLP

By: */s/Richard A. Lapping* (as authorized on September 12, 2012)

Richard Lapping
101 California Street
San Francisco, CA 94111-5802
T: (415) 591-1485
F: (415) 591-1400

Attorney for Republic of Ecuador and
Dr. Garcia Carrion

## ORDER

IT IS SO ORDERED.

Dated: **September 13, 2012**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE